UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| JANET JEANES, | CIVIL ACTION |
| Plaintiff | |
| | |
| VERSUS | NO. 16-1259 |
| | |
| GREG MCBRIDE, ET AL., | SECTION: "E" (4) |
| Defendants | |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Plaintiff Janet Jeanes[1] and a motion for summary judgment filed by Defendant Greg McBride.[2] The motions are opposed.[3] For the following reasons, the Court **GRANTS** Jeanes' motion for partial summary judgment and **DENIES** McBride's motion for summary judgment. The Court also **GRANTS** Plaintiff's motion in limine to exclude evidence regarding the contractor immunity defense laid out in LA. REV. STAT. § 9:2771.[4]

## BACKGROUND

Jeanes owns property located at 2534 Hampton Dupre Road in Pine Prairie, Louisiana.[5] In the summer of 2010, she began discussing the construction of a building on the property ("the Building") with McBride.[6] Jeanes alleges she told McBride the Building was intended to include space for her horses and living quarters for herself.[7] She alleges that, although she and McBride agreed McBride would not construct the living

---

[1] R. Doc. 112.
[2] R. Doc. 114.
[3] R. Docs. 127, 141.
[4] R. Doc. 147. The motion is opposed. R. Doc. 165.
[5] R. Doc. 174 at 8, ¶ 7(1) (uncontested material facts in pretrial order).
[6] *Id.* at 9, ¶ 7(2).
[7] R. Doc. 141-2 at 1–2, ¶¶ 1–3.

1

quarters, he knew the Building would contain living quarters and for that reason would require an inspection.[8]

It is uncontested McBride submitted a proposal to Jeanes, which she signed on September 23, 2010 ("the Proposal").[9] The materials and plans for the roof of the Building were provided by S & S Steel Buildings, Inc., doing business as Metal Roofing Supply ("S & S").[10] Roy Bergis Smith, through his company, E. Smith Plumbing Service, Inc. ("E. Smith Plumbing"), provided plumbing services for the Building.[11] McBride alleges the Building was completed in 2011, and Jeanes began using the Building to store farm supplies, equipment, and hay.[12]

During the years 2010 to 2015, Jeanes employed Bobby Nacio to feed her horses and take care of the property on which the Building is located.[13] Jeanes represents she left Louisiana in 2011 and returned in the fall of 2015.[14] She alleges she began to discover defects in the Building in the fall of 2015 and continued to discover defects through the summer of 2016.[15] Specifically, Jeanes alleges she dug underneath columns of the Building in two locations and found a sixteen-inch concrete slab, rather than the eight-foot footings and 290 feet of a 24-inch deep chain wall specified in the Proposal.[16]

On September 9, 2016, Jeanes filed the instant suit.[17] In her Complaint and Amended Complaint, she names five Defendants: McBride; Metal Buildings by Mac, LLC ("Metal Buildings"); S & S; Roy Bergis Smith; and E. Smith Plumbing. She brings five

---

[8] *Id.* at 2, ¶ 4.
[9] R. Doc. 174 at ¶¶ 7(2), (3). The proposal is on the record at R. Doc. 112-3.
[10] *Id.* at ¶¶ 7(6), (7).
[11] *Id.* at ¶ 7(8).
[12] R. Doc. 114-3 at 3, ¶ 15.
[13] R. Doc. 174 at 9, ¶ 7(9).
[14] R. Doc. 141-2 at 7–8, ¶¶ 41–42.
[15] *Id.* at 8, ¶ 44.
[16] *Id.* at 9, ¶ 51.
[17] R. Doc. 1.

claims: (1) breach of contract against all Defendants, (2) negligence against S & S, (3) fraud against all Defendants, (4) violation of the Louisiana Unfair Trade Practices Act ("LUTPA")[18] against all Defendants, and (5) successor liability against Metal Buildings.[19] The claims against all Defendants but McBride have been dismissed.[20] The claims against McBride are for breach of contract, fraud, and violation of LUTPA.[21]

On April 5, 2019, Jeanes and McBride filed the instant motions for summary judgment.[22] In her motion, Jeanes argues she is entitled to partial summary judgment that McBride is not entitled to contractor immunity under LA. REV. STAT. § 9:2771.[23] In his motion, McBride argues he is entitled to summary judgment that all of Jeanes' claims against him are perempted, pursuant to LA. REV. STAT. § 9:2772(A).[24] In the alternative, he argues he is entitled to summary judgment on (1) the breach of contract claim because he is entitled to immunity under LA. REV. STAT. § 9:2771; (2) the fraud claim because Jeanes has failed to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and failed to present evidence of fraud; and (3) the LUTPA claim because it has prescribed, and Jeanes has presented no evidence of LUTPA violations.[25] The motions are opposed.[26]

---

[18] LA. REV. STAT. § 51:1401 *et seq.*
[19] R. Docs. 1, 35.
[20] R. Docs. 55 (dismissing claims against S&S without prejudice), 67 (dismissing claims against Metal Buildings without prejudice), 78 (dismissing claims against S&S with prejudice), 84 (dismissing claims against Metal Buildings with prejudice), 160 (notice of settlement of claims against Roy Bergis Smith and E. Smith Plumbing Service, Inc.).
[21] R. Doc. 1.
[22] R. Docs. 112, 114.
[23] R. Doc. 112-1.
[24] R. Doc. 114-1 at 11–15.
[25] *Id.* at 15–24.
[26] R. Docs. 127, 141.

On May 9, 2019, Jeanes filed a motion in limine to exclude evidence relating to McBride's contractor immunity defense.[27] McBride opposes the motion.[28] The Court will address this argument in conjunction with Jeanes' motion for partial summary judgment on La. Rev. Stat. § 9:2771.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] "An issue is material if its resolution could affect the outcome of the action."[30] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[31] All reasonable inferences are drawn in favor of the nonmoving party.[32] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[33]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[34] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving

---

[27] R. Doc. 147.
[28] R. Doc. 165.
[29] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[30] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[31] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[32] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[33] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[34] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[35]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[36] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[37] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[38] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[39] If the movant meets this

---

[35] *Celotex*, 477 U.S. at 322–24.

[36] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[37] *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

[38] *Celotex*, 477 U.S. at 332–33.

[39] *Id.*

burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[40] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[41]

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[42]

## ANALYSIS

McBride argues that Jeanes' claims against him have been perempted under the five-year peremption period in LA. REV. STAT. § 9:2772(A).[43] Importantly, the five-year peremption period under § 9:2772(A) does not apply if "fraud has caused the breach of contract or damages sued upon."[44] As a result, the Court first addresses McBride's argument that he is entitled to summary judgment on Jeanes' fraud claim against him and that, as a result, § 9:2772(A) applies. Second, the Court addresses McBride's

---

[40] *Id.* at 332–33, 333 n.3.
[41] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[42] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 (5th Cir. 1992)).
[43] R. Doc. 114-1 at 11–15.
[44] LA. REV. STAT. § 9:2772(H)(1).

argument that all of Jeanes' claims against him are perempted under § 9:2772(A). Third, the Court addresses the parties' motions for summary judgment with respect to whether McBride is entitled to immunity on Jeanes' breach of contract claim against him under LA. REV. STAT. § 9:2771 and Jeanes' motion in limine on the same issue. Finally, the Court addresses McBride's arguments that he is entitled to summary judgment on Jeanes' LUTPA claim against him.

## I.   McBride is not entitled to summary judgment on Jeanes' fraud claim against him.

McBride argues he is entitled to summary judgment on Jeanes' fraud claim against him.[45] He first argues Jeanes has not met the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.[46] He also argues Jeanes has failed to show evidence of fraud and, as a result, there are no genuine issues of material fact, it is undisputed that he has not engaged in fraud, and he is entitled to judgment as a matter of law.[47] The Court construes his motion for summary judgment on Jeanes' fraud claim as a motion to dismiss the claim under Rule 9(b) and, in the alternative, a motion for summary judgment on the claim.

### A.   Pleading Article 1953 Fraud Under Rule 9(b)

Under Rule 9(b) a party must state with particularity the circumstances constituting the fraud of mistake alleged in the complaint. In this case, Jeanes states she brings her fraud claim under article 1953 of the Louisiana Civil Code.[48] She does not bring a claim for delictual fraud under article 2315.[49] Article 1953 provides:

---

[45] R. Doc. 114-1 at 18–21.
[46] *Id.* at 18–19.
[47] *Id.* at 19–21.
[48] R. Doc. 1 at 10, ¶ 35; R. Doc. 141 at 30.
[49] "Delictual recovery for fraud is provided for in Article 2315, the general tort provision of the Civil Code." *Equilease Corp. v. Smith Int'l, Inc.*, 588 F.2d 919, 924 n.4 (5th Cir. 1979) Jeanes' complaint cites only article

> Fraud is a misrepresentation or a suppression of the truth
> made with the intention either to obtain an unjust advantage
> for one party or to cause a loss or inconvenience to the other.
> Fraud may also result from silence or inaction.[50]

The article is in the chapter of the Civil Code governing "Conventional Obligations or Contracts," in the section entitled "Vices of Consent," which addresses error, fraud, and duress.[51] The article contemplates fraud in the formation of a contract, not fraud in performing a contract.[52]

"[T]here are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract."[53] "Fraud need only be proved

---

1953. R. Doc. 1 at 10, ¶ 35. Although the "jurisprudence surrounding fraud under Article 1847[, portions of which were restated in articles 1953–58,] is carried over to the delictual action," *Equilease*, 588 F.2d at 924 n.4, Jeanes does not bring a claim for delictual fraud in her Complaint.

    The Court notes that, in her opposition to McBride's motion for summary judgment, Jeanes recites the elements of delictual fraud. R. Doc. 141 at 30. She quotes *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058 (5th Cir. 1993), which lists the elements of delictual fraud pursuant to Civil Code article 2315, not contractual fraud pursuant to article 1953. *Id.* at 1068. However, she seeks rescission and attorneys' fees, R. Doc. 1 at 10, ¶ 38. These remedies are addressed in LA. CIV. CODE art. 1958, which deals with contractual fraud, not delictual fraud. *See also Douglas v. Renola Equity Fund II, LLC;*, No. CIV.A. 13-6192, 2014 WL 1050851, at *4 (E.D. La. Mar. 14, 2014) (Vance, J.) (distinguishing between contractual and delictual fraud); Leon H. Rittenberg III, *Louisiana's Tenfold Approach to the Duty to Inform*, 66 Tul. L. Rev. 151, 169–85 (1991) (explaining distinction between contractual and delictual fraud actions).

[50] LA. CIV. CODE art. 1953.

[51] *Id.*

[52] "French doctrine distinguishes between fraud committed to entice a party into a contract (*dol*) and fraud in performing a contract (*fraude*)." LA. CIV. CODE art. 1958 cmt. (b). Article 1953, which is a restatement of article 1847(6) of the 1870 Civil Code, *see* LA. CIV. CODE art. 1953 cmt. (a), addresses only *dol*, or fraud committed to entice a party into a contract.

    Fraud in performing a contract, is addressed in LA. CIV. CODE art. 1997, which addresses obligors in bad faith. *See id.* cmt. (c) ("In the context of vices of consent, 'fraud' means a stratagem or machination to take unfair advantage of another party. 'Bad faith' better conveys the intended meaning here, that is, an intentional and malicious failure to perform."). Article 1997 restates article 1934(2) of the 1870 Civil Code, which addressed *fraude. See* LA. CIV. CODE art. 1958 cmt. (b) ("[F]raud in performing a contract (*fraude*) . . . is the kind of fraud contemplated in C.C. Art. 1934 (1870).").

[53] *Shelton v. Standard/700 Assocs.*, 2001-0587 (La. 10/16/01), 798 So. 2d 60, 64; *see also Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 388 (5th Cir. 2012).

by a preponderance of the evidence and may be established by circumstantial evidence."[54]

"Circumstantial evidence, including highly suspicious facts and circumstances, may be considered in determining whether fraud has been committed."[55]

In *Automatic Coin Enterprises, Inc. v. Vend-Tronics, Inc.*, the Louisiana Fifth Circuit Court of Appeal clarified that the legal standard for showing fraud is the intention not to perform at the time the promise is made because it constitutes a misrepresentation of a present rather than a future fact:

> The jurisprudence is clear that fraud cannot be imputed from alleged misrepresentation(s) alone but, rather, must be based solely on a person's intent *not* to perform. The general rule is that an action for fraud cannot be asserted based upon statements promissory in nature and relating to future actions. Neither can fraud be predicated upon the mere failure to perform a promise, nor is nonperformance of an agreement to do something at a future time alone evidence of fraud. . . . However, fraud also may be predicated on promises made with the intention *not* to perform *at the time* the promise is made. It has been held that promises made without any intention of performance constitute a misrepresentation of a present rather than a future fact.[56]

## B. Defendant's Motion to Dismiss Under Rule 9(b)

McBride argues Jeanes has not met the pleading requirements for fraud in Rule 9(b) of the Federal Rules of Civil Procedure.[57] Rule 9(b) governs pleading standards for fraud claims, including state-law fraud claims.[58] "A dismissal for failure to state fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to

---

[54] La. Civ. Code art. 1957.

[55] *Lomont v. Bennett*, 2014-2483 (La. 6/30/15), 172 So. 3d 620, 629 (citations omitted).

[56] 433 So. 2d 766, 767–68 (La. Ct. App.), *writ denied,* 440 So. 2d 756 (La. 1983) (emphasis in original) (citation omitted).

[57] *Id.* at 18–19.

[58] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338–39 (5th Cir. 2008) ("[S]tate-law fraud claims are subject to the pleading requirements of Rule 9(b).") (citing *Abrams v. Baker Hughes Inc.,* 292 F.3d 424, 430 (5th Cir.2002); *Williams v. WMX Technologies, Inc.,* 112 F.3d 175, 177 (5th Cir.1997)).

state a claim."[59] "Therefore, the time limits applicable to motions to dismiss under Rule 12(b)(6) should apply, and a party may challenge the sufficiency of allegations of fraud in any pleading."[60] Failure to state a claim upon which relief may be granted is a defense that may be raised at trial.[61] The instant motion to dismiss under Rule 9(b) was filed before the deadline for dispositive motions in this case and is timely.

Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[62] "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail."[63] The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[64] "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."[65]

---

[59] *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (citing *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992)).

[60] *KeyBank Nat. Ass'n v. Perkins Rowe Assocs., Inc.*, No. CIV.A. 09-497-JJB-SR, 2010 WL 4942206, at *2 (M.D. La. Nov. 30, 2010) (unpublished) (citing FED. R. CIV. P. 12(h)(2)(A)); *see also C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016) ("[E]ven when there is no apparent reason for doing so, the rules allow a defendant to assert an affirmative defense that may have been suitable for Rule 12(b)(6) disposition at the summary judgment stage.").

[61] FED. R. CIV. P. 12(h)(2)(C).

[62] FED. R. CIV. P. 9(b).

[63] *Guidry*, 954 F.2d at 288.

[64] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir.2009).

[65] *Tel–Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

The Civil Code specifies that contractual fraud may "result from silence or inaction."[66] "To find fraud from silence or suppression of the truth, there must exist a duty to speak or to disclose information."[67] "Fraud by omission or silence 'is by its very nature difficult to plead with particularity. Because it does not involve an affirmative misrepresentation, it often does not occur at a specific place or precise time, or involve specific persons.'"[68] The Fifth Circuit has held that "[i]n cases concerning fraudulent misrepresentation and omission of facts, Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[69]

The section of the Complaint on Jeanes' fraud claim states:

> 34. Plaintiff hereby incorporates by reference the allegations set forth in the preceding paragraphs as if they were fully rewritten herein.

> 35. Defendants suppressed plaintiff's discovery of the defects in the Barn, including, but not limited to, the defects with the foundation and the plumbing of the Barn, by failing to schedule timely inspections as required by the RAPC, thereby preventing the Building inspectors and the plaintiff from discovering the defects. See La. C.C. art. 1953.

> 36. Upon information and belief, the defendants did the foregoing in order to obtain an unjust advantage over the plaintiff by obtaining the full value of the contract price from Jeanes while delivering a substandard Barn in order to save time and expense.

> 37. The defendants had a further and continuing duty to disclose the defects in the Barn to the plaintiff, which the defendants have never done.

---

[66] LA. CIV. CODE art. 1953.
[67] *Greene v. Gulf Coast Bank*, 593 So. 2d 630, 632 (La. 1992).
[68] *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, 178 F. Supp. 3d 390, 402 (E.D. La. 2016) (Clement, J.).
[69] *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F. 3d 370, 381 (5th Cir. 2004)).

> 38. Therefore, plaintiff is entitled to obtain a rescission of the contract, damages, and attorney fees.[70]

The factual background section includes an allegation that McBride and Roy Bergis Smith did not "contact the appropriate permitting authority to inspect the property" during construction.[71]

The Court finds the Complaint alleges the details of the alleged fraud with particularity. The Complaint includes allegations that the Defendants, including McBride, made a misrepresentation at the time the contract was formed that the Building would be constructed in accordance with the McBride proposal. It also includes allegations that the Defendants, including McBride, made omissions thereafter, and that they gained additional profit from the job thereby. In this case, Jeanes sufficiently alleges the fraud is **"**predicated on promises made with the intention ***not*** to perform ***at the time*** the promise is made."[72]

The Complaint sufficiently alleges McBride did not intend to perform the contract at the time he gave Jeanes the Proposal, but rather intended to "obtain[] the full value of the contract price from Jeanes while delivering a substandard Barn in order to save time and expense."[73] The Complaint also alleges McBride remained silent, when he had a duty to disclose, because he suppressed Jeanes' discovery of alleged defects in the foundation and plumbing of the Building in order to save money. As a result, the Court finds Jeanes has pleaded sufficient facts to state a claim for fraud and denies McBride's motion to dismiss under Rule 9(b).

---

[70] R. Doc. 1 at 10.
[71] *Id.* at 5, ¶ 15.
[72] *Automatic Coin*, 433 So. 2d at 767–68 (emphasis in original).
[73] R. Doc. 1 at 10, ¶ 36.

## C.    Motion for Summary Judgment on Fraud Claim

First, the Court notes that "summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice."[74] "One reason for this rule is that subjective facts call for credibility evaluations and the weighing of testimony and summary judgment is not warranted for such determinations."[75] At the summary judgment stage, "courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence."[76]

McBride argues Jeanes has failed to demonstrate a genuine issue of material fact exists with respect to her fraud claim against him.[77] The Court determines whether there are genuine factual disputes with respect to whether McBride poured the concrete foundation according to the parties' agreement. McBride states it is an undisputed fact that the Proposal does not itemize a cost for concrete.[78] Although this may be true, Jeanes testified at her deposition that she paid McBride $35,000 for concrete.[79] More importantly, the Proposal, prepared by McBride and signed by Jeanes, includes as a line-item "290' Of Concrete Chain Wall According to Plans; Sixteen- 2' × 8' Concrete Shafts According To Plans."[80] Jeanes states in her deposition that, when she dug underneath the Building, she found there was a sixteen-inch slab of concrete, rather than the eight-foot footings and 290 feet in length of a 24-inch-deep chain wall agreed to in the contract.[81] With respect to Jeanes' claim that McBride fraudulently misrepresented that he would

---

[74] *Jones v. Estate of Santiago*, 2003-1424 (La. 4/14/04), 870 So. 2d 1002, 1006.
[75] *Helwick v. Montgomery Ventures Ltd.*, 95-0765 (La. App. 4 Cir. 12/14/95), 665 So. 2d 1303, 1306, *writ denied*, 96-0175 (La. 3/15/96), 669 So. 2d 424.
[76] *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So. 2d 730, 751.
[77] R. Doc. 114-1 at 19–21.
[78] R. Doc. 114-2 at 4, ¶ 22.
[79] R. Doc. 141-14 at 15–16.
[80] R. Doc. 141-4 at 2.
[81] *Id.* at 25–27.

build the foundation in accordance with the Proposal, Jeanes has established factual disputes as to whether McBride intended to pour or did pour the concrete as required in the Proposal.

With respect to Jeanes' claim that McBride fraudulently concealed the alleged defects by not obtaining inspections for the Building, McBride asserts it is undisputed that, according to Blake Steiner, an employee of the Rapides Area Planning Commission, no inspections were necessary under Jeanes' permit for the barn, and McBride could construct the barn without obtaining inspections.[82] Jeanes also disputes these assertions.[83] She cites other portions of Steiner's depositions, in which Steiner testifies inspections were required.[84] Jeanes also cites McBride's deposition testimony in which he stated that Jeanes made him aware she intended to have the Building be "mixed use," meaning commercial and residential, and that residential construction requires inspections.[85] The Court finds Jeanes has established a genuine issue of material fact as to whether McBride agreed to provide the living quarters, whether he failed to schedule an inspection even though he knew Jeanes intended for the Building to be "mixed use," and whether he knew an inspection was required. Genuine issues of material fact preclude summary judgment on Jeanes' fraud claim.

## II. Genuine issues of material fact preclude summary judgment on the issue of whether all of Jeanes' claims are perempted.

Because the Court denies McBride's motion for summary judgment on Jeanes' fraud claim, the Court must examine whether the five-year peremptive period in LA. REV. STAT. § 9:2772(A) applies.

---

[82] R. Doc. 114-2 at 4–5, ¶¶ 25, 26.
[83] R. Doc. 141-1 at 8, ¶¶ 25, 26.
[84] R. Doc. 141-9 at 7–8, 32.
[85] R. Doc. 141-3 at 41–42, 49.

## A.    Peremption under LA. REV. STAT. § 9:2772(A)

LA. REV. STAT. § 9:2772(A) provides:

> Except as otherwise provided in this Subsection, **no action, whether ex contractu, ex delicto, or otherwise**, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, **shall be brought** against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or **against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables**, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
>
> (1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
>
> (b) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than five years after the improvement has been thus occupied by the owner.[86]

Under the statute, if applicable, the five-year peremptive[87] period applies to all claims made in this action, whether in contract, tort, or otherwise. "Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period."[88] Peremption need not be

---

[86] LA. REV. STAT. § 9:2772(A) (emphasis added).

[87] The section is entitled "Peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables or improvements thereon." *See also* LA. REV. STAT. § 9:2772(A)(1)(c) (referring to the "five-year peremptive period described in Subparagraph (a)").

[88] LA. CIV. CODE art. 3458.

pleaded.[89] "Peremption may not be renounced, interrupted, or suspended."[90] "Peremptive statutes are strictly construed against peremption and in favor of the claim. Of the possible constructions, the one that maintains enforcement of the claim or action, rather than the one that bars enforcement should be adopted."[91]

"Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception."[92] Accordingly, McBride bears the burden of proof on the issue of peremption. He must show there is no genuine issue of fact that the peremptive period began more than five years before Jeanes filed suit.

It is undisputed that Jeanes did not obtain a certificate of occupancy for the Building.[93] There is no evidence that acceptance of the work was registered in a mortgage office. As a result, the applicable legal standard is whether Jeanes occupied or took possession of the Building more than five years before September 6, 2016. The statute and the cases interpreting the statute do not clearly define "occupied" or "taken possession." The Court interprets this as a factual quesiton to be determined on a case-by-case basis.

McBride asserts it is uncontested "Nacio testified that he began to use and store farm supplies, farm equipment and hay in the barn building in February of 2011" and that "prior to and following completion of the barn in February of 2011 the barn was used for Janet Jeanes' horse breeding operations."[94] McBride cites portions of Nacio's affidavit, in which he states the Building was "continuously used as a barn for the storage of hay, farm supplies, and farm equipment prior to and after its completion in February of 2011" and

---

[89] LA. CIV. CODE art. 3460.
[90] LA. CIV. CODE art. 3461.
[91] *Rando v. Anco Insulations Inc.*, 2008-1163 (La. 5/22/09), 16 So. 3d 1065, 1083 (citation omitted).
[92] *Id.* at 1082.
[93] R. Doc. 141 at 17; R. Doc. 154.
[94] R. Doc. 114-3 at 3, ¶¶ 15, 16.

for "horse breeding activities prior to and after its completion in February of 2011."[95] McBride further argues the Building "was always in the possession of Jeanes because it was built on her property" and that it was "occupied in part and whole by Jeanes for use as a barn beginning in February of 2011."[96]

McBride points to Jeanes' testimony that "after the barn was completed, she stored the farm equipment in her barn."[97] He cites a portion of the transcript of Jeanes' deposition in which she states, "We told Bobby Nacio my machinery, my tractors, my 38-foot hay trailer, everything is supposed to be inside the barn"[98] to support his contention that the Building was occupied in February 2011. McBride mischaracterizes Jeanes' deposition testimony about her instructions to Nacio. During her deposition, Jeanes does not state on which date during Nacio's 2011–15 employment she told Nacio her equipment was "supposed to be inside the barn."[99]

Jeanes points to evidence that the facts cited by McBride are in dispute.[100] During her deposition, she testified the barn had no lights and no electricity.[101] She stated, "The barn was never used. The barn has never been used, until we started getting ready to work on the barn."[102] She also stated that by "working on the barn," she meant "[t]o get the electricity, to get the water to get a trailer house for somebody to live in, to live on the property," and this work "didn't happen until 2016."[103] In her affidavit, she states she "did

---

[95] R. Doc. 114-5 at 3, ¶¶ 6, 7.
[96] R. Doc. 114-1 at 14.
[97] R. Doc. 114-3 at 3, ¶ 14.
[98] R. Doc. 114-7 at 6.
[99] *Id.*
[100] R. Doc. 141-1 at 4–5, ¶¶ 14–16.
[101] R. Doc. 141-14 at 12.
[102] *Id.*
[103] *Id.* at 13.

not use the Building at all to house horses until after [she] returned to Louisiana in the fall of 2015."[104]

Jeanes' testimony that she did not use the Building and there were no horses in the building until she returned to Louisiana in 2015 creates a genuine factual dispute as to when Jeanes occupied or took possession of the Building. As a result, the Court denies McBride's motion for summary judgment on peremption grounds. The jury will determine the date on which Jeanes occupied or took possession of the Building.

### III. The jury will determine whether the fraud exemption in LA. REV. STAT. § 9:2772(H) precludes the application of the five-year peremptive period.

LA. REV. STAT. § 9:2772(H) establishes the following exception to the five-year peremptive period in § 9:2772(A):

> (1) The [five-year] peremptive period provided by this Section shall not apply to an action to recover on a contract or to recover damages against any person enumerated in Subsection A of this Section, whose fraud has caused the breach of contract or damages sued upon.
> . . .
> (3) Fraud, as used in this Section, shall have the same meaning as provided in Civil Code Article 1953.[105]

The Court denies McBride's motion for summary judgment on Jeanes' fraud claim against him because there are disputed issues of fact as to whether McBride committed fraud. The jury will determine whether Jeanes is liable for fraud under article 1953 of the Louisiana Civil Code.

---

[104] R. Doc. 141-8 at 5, ¶ 15.
[105] LA. REV. STAT. § 9:2772(H)(1), (3).

The jury must find whether McBride is liable for fraud before determining whether Jeanes' claims are perempted under § 9:2772(A).[106] If the jury finds McBride liable for fraud, the five-year peremptive period in § 9:2772(A) will not apply. If the jury finds McBride not liable for fraud, the jury will determine when Jeanes occupied or took possession of the building, and the breach of contract and LUTPA claims may be perempted.

## IV. With respect to the breach of contract claim, Jeanes is entitled to summary judgment on McBride's affirmative defense of immunity under § 9:2771.

Jeanes moves for summary judgment that McBride is not entitled to the statutory immunity afforded by LA. REV. STAT. § 9:2771.[107] McBride moves for summary judgment on Jeanes' breach of contract claim against him, arguing he is entitled to immunity under § 9:2771.[108] The statute provides:

> No contractor, including but not limited to a residential building contractor as defined in R.S. 37:2150.1(9), shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration, or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor.[109]

---

[106] LA. REV. STAT. § 9:2772(H)(2) provides, "In any action in which fraud is alleged, that issue shall be decided by trial separate from and prior to the trial of any or all other issues." To the extent this requirement applies to cases in federal court, the parties have waived this requirement. R. Doc. 179 at 2.
[107] R. Doc. 112.
[108] R. Doc. 114-1 at 15–18.
[109] LA. REV. STAT. § 9:2771.

## A.    Allegations in Complaint with respect to Design Defects

McBride argues that Jeanes did not allege in her Complaint that McBride was responsible for design defects in the Building.[110] He argues he was "not put on fair notice to defend such claims and would be unfairly prejudiced" if he is required to do so.[111] Jeanes responds that the Complaint alleges that McBride was responsible for design defects.[112]

In her Complaint, Jeanes makes the following factual allegation:

> Upon information and belief, McBride contacted S & S Steel Buildings to design and manufacture the Barn, and S & S Steel Buildings did in fact design and manufacture the materials to be used in the construction of the Barn. Upon information and belief, the plaintiff met with representatives of S & S Steel Buildings, who were doing business as Metal Roofing Supply, to discuss specifics for the design and manufacture of the Barn. Subsequently, using the design of S & S Steel Buildings, McBride and Metal Buildings by Mac began construction of the Barn.[113]

In the portion of her Complaint regarding her breach of contract claim, which Jeanes brought against *all* Defendants, including McBride, Jeanes states:

> Defendants agreed to provide the plaintiff with a usable, safe, and structurally sound Barn and design and construct the Barn in a good, workmanlike manner.
>
> ***Defendants failed to comply with their obligations when they defectively designed*** and constructed the Barn. See La. C.C. arts. 2769, 2762.
>
> Plaintiff has suffered damages due to defendants' breach of contract.[114]

---

[110] R. Doc. 127 at 5–7.
[111] *Id.* at 5.
[112] R. Doc. 140 at 4–5.
[113] R. Doc. 1 at 4, ¶ 12.
[114] *Id.* at 9, ¶¶ 27–29 (emphasis added). Jeanes also brought a negligence claim only against S&S for damages resulting from alleged design defects. *Id.* at ¶¶ 30–33.

Jeanes clearly states she brings this claim against all Defendants, including McBride. The Court finds Jeanes' Complaint sufficiently alleged McBride is liable for the Building's allegedly defective design.[115]

### B.     Immunity Under § 9:2771

Section 9:2771 provides a contractor with immunity for work constructed "according to plans or specifications furnished to him which he did not make *or cause to be made* and if the destruction, deterioration, or defect was due to any fault or insufficiency of the plans or specifications."[116] The statute is "strictly construed against the party claiming the immunity and must not be extended beyond [its] obvious meaning."[117]

In their joint pretrial order, the parties state it is undisputed that S & S, not McBride, made the plans and specifications for the Building.[118] However, during the pretrial conference, the parties clarified that S & S furnished the plans for the metal roof the Building, but not for the foundation of the Building.[119] To the extent there were plans for the foundation of the Building, they were made by McBride in connection with the Proposal.[120] Because McBride made the plans for the foundation of the Building, he is not

---

[115] McBride relies on *Harris Builders, L.L.C. v. URS Corp.*, 861 F. Supp. 2d 746 (E.D. La. 2012) to argue he is entitled to summary judgment because LA. REV. STAT. § 9:2771 does not give a plaintiff a cause of action for alleged design defects. R. Doc. 127 at 6. In *Harris Builders*, the court held § 9:2771 did not provide a general contractor with a cause of action against an engineer that prepared plans and specifications. 861 F. Supp. 2d at 754. *Harris Builders* does not preclude an owner from bringing a breach of contract claim against a contractor for damages arising from design defects.

[116] LA. REV. STAT. § 9:2771 (emphasis added).

[117] *Caskey v. Merrick Const. Co.*, 46,886 (La. App. 2 Cir. 3/14/12), 86 So. 3d 186, 192, *writ denied,* 2012-0847 (La. 6/1/12), 90 So. 3d 442 (citing *Monteville v. Terrebonne Parish Consolidated Government,* 567 So.2d 1097 (La.1990)).

[118] The parties agree it is an undisputed fact "[t]he materials and the plans for the Building were provided by S&S." R. Doc. 174 at 9, ¶ 7(6).

[119] R. Doc. 179 at 2.

[120] *Id.*

entitled to immunity under § 9:2771 on any claims arising from alleged defects in the *foundation*.

The Court turns to whether McBride is entitled to immunity under § 9:2771 on any claims arising from defects in the roof or elsewhere in the building. The Court must determine whether McBride *caused* the plans and specifications to be made with respect to those portions of the Building. Louisiana courts of appeal consistently hold that, when a general contractor hires a subcontractor to provide plans and specifications, the general contractor causes the plans and specifications to be made and, as a result, cannot invoke immunity under § 9:2771.[121]

Jeanes argues McBride caused the plans and specifications to be made.[122] She cites McBride's deposition testimony that he "purchased the Building from S & S."[123] S & S proposals for the Building list McBride as the customer and were signed by McBride,[124] and other S & S documents identify McBride as the customer.[125]

McBride responds that, because Jeanes admits she met with S & S to discuss the design of the Building and approved the designs, McBride did not cause the designs to be made.[126] He also cites the testimony of his proposed expert Philip Beard regarding responsibility for design defects.[127]

The Court finds no genuine issue of material fact as to whether McBride caused the plans and specifications for the roof and other portions of the Building to be made.

---

[121] *See, e.g.*, *Hageman v. Foreman*, 539 So. 2d 678, 682 (La. Ct. App. 1989) (holding § 9:2771 inapplicable when builder supplied plans drafted by a third party to owner); *A & M Pest Control Serv., Inc. v. Fejta Const. Co.*, 338 So. 2d 946, 951 (La. Ct. App. 1976) (same).

[122] R. Doc. 112 at 12–15.

[123] R. Doc. 112-2 at 27.

[124] R. Doc. 112-4. The proposal lists "Metal Buildings by Mac" as the customer, but it is uncontested that, in 2010 at 2011, McBride conducted business as "Metal Buildings by Mac." R. Doc. 174 at 9, ¶ 7(3).

[125] R. Docs. 112-5, 112-6.

[126] R. Doc. 127 at 9–10.

[127] R. Doc. 127-3.

McBride testified he purchased the Building from S & S, and the plans and specifications drafted by S & S show McBride was the customer. Even though Jeanes met with S & S to discuss the designs and approved the designs, there is no genuine factual issue that McBride caused to be made the plans for the roof and the parts of the Building other than the foundation.

The Court has found McBride made or caused to be made the plans and specifications for the Building. As a result, Jeanes is entitled to partial summary judgment on McBride's § 9:2771 immunity defense.[128]

## V. The Court grants Plaintiff's motion in limine relating to contractor immunity under La. Rev. Stat. § 9:2771.

In her motion in limine, Jeanes seeks an order prohibiting McBride from introducing evidence or testimony that he is not liable for defects because of the affirmative defense in § 9:2771.[129] Because the Court finds McBride is not entitled to the immunity defense in § 9:2771, the Court will not permit McBride to introduce evidence related to the defense. The Court grants Jeanes' motion in limine.

## VI. Genuine issues of material fact preclude summary judgment on prescription of Jeanes' LUTPA claim and on the merits of the claim.

### A. LUTPA claims are subject to liberative prescription

McBride argues Jeanes' LUTPA claim against him has prescribed.[130] The Court first addresses whether LUTPA actions are subject to prescription or peremption.

---

[128] Jeanes also argues McBride waived this defense by failing to raise it in his answer. R. Doc. 112-1 at 10–12. Because the Court grants Jeanes' motion for partial summary judgment on the merits of the defense, the Court does not address Jeanes' waiver argument.
[129] R. Doc. 147.
[130] R. Doc. 114-1 at 21–23.

The events at issue in the matter took place between 2010 and 2016, and this action was filed on September 6, 2016.[131] The version of LUTPA in place during that time period provided that actions alleging unfair trade practices "shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action."[132] The statute did not specify whether the period was prescriptive or peremptive. In its 2002 decision in *Tubos de Acero de Mexico, S.A. v. Am. Int'l Inv. Corp.*, the Fifth Circuit held the period is peremptive.[133] In 2008, the Louisiana Supreme Court, in *Miller v. Conagra, Inc.*, explicitly refrained from deciding whether the period is prescriptive or peremptive.[134] In May 2018, the Louisiana legislature amended the statute to clarify violations are subject to "a liberative prescription" of one year.[135] The accompanying legislative history sheds no light on whether the legislature intended the amendment to be retroactive.[136]

Jeanes argues her LUTPA claim is subject to a one-year prescriptive period because the 2018 amendment to LUTPA is interpretive and applies retroactively.[137] Article 6 of

---

[131] R. Doc. 1.

[132] LA. REV. STAT. § 51:1409(E) (1972), *amended by* Act 337 of the 2018 Regular Legislative Session, 2018 La. Acts 143, 143 (2018).

[133] 292 F.3d 471, 481–82 (5th Cir. 2002) (citations omitted).

[134] *Miller v. Conagra, Inc.*, 2008-0021 (La. 9/8/08), 991 So. 2d 445, 456.

[135] Act 337 of 2018, 2018 La. Acts at 143.

[136] The digest accompanying the bill states:

> [The bill p]rovides for a liberative prescription period with respect to private actions for violations of the Unfair Trade Practices and Consumer Protection Law.
> . . .
> Present law provides that an action to recover actual damages is prescribed by one year running from the time of the transaction or act which gave rise to the right of action.
> Proposed law amends present law to provide that such action to recover actual damages is subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to the right of action.

LA. B. DIGEST, ENGROSSED, H. 2018-759 Reg. Sess. (2018).

[137] R. Doc. 141 at 34.

the Louisiana Civil Code provides, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."[138] The Fifth Circuit has explained that determining whether a law is procedural or substantive under article 6 requires the following "two-fold inquiry":

> First, the court must ascertain whether in the enactment, the legislature expressed its intent regarding retroactive or prospective application. If the legislature did so, the judicial inquiry ends. If the legislature did not, the court must then classify the enactment as substantive, procedural, or interpretive. Substantive laws 'either establish new rules, rights, and duties or change existing ones.' Procedural laws, in contrast, 'describe the method of enforcing, processing, administering or determining rights, liabilities or status.' Thus, if a statute 'merely prescribes the method of enforcing a right which previously existed or maintains redress for invasion of rights, it is classified as procedural.' Interpretive laws 'merely establish the meaning that the interpretive statute had from the time of its enactment.'[139]

"In Louisiana, statutes of limitation are generally treated as procedural laws."[140]

In this case, the legislative history of the 2018 LUTPA amendment sheds no light on whether the amendment was meant to have retroactive effect. As a result, the Court follows the general principle that statutes regarding prescription and peremption are procedural and have retroactive effect.[141] The Court holding the 2018 LUTPA amendment is interpretive and has retroactive effect.

---

[138] LA. CIV. CODE art. 6.

[139] *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 192 (5th Cir. 2010) (citing *Cole v. Celotex Corp.*, 599 So.2d 1058 (La. 1992) and quoting *Prejean v. Dixie Lloyds Ins. Co.*, 655 So.2d 303 (La. 1995)).

[140] *Id.* (citing *Chance v. Am. Honda Motor Co.*, 635 So.2d 177, 178 (La. 1994)).

[141] The Court notes that LA. REV. STAT. § 1:2 provides, "No Section of the Revised Statutes is retroactive unless it is expressly so stated." The Fifth Circuit has explained this applies only to substantive, not procedural or interpretive legislation. *See Holt*, 627 F.3d at 192 n.3.

This holding is consistent with the holding of the Louisiana Third Circuit Court of Appeal in *Congregation of Immaculate Conception Roman Catholic Church of Par. of Calcasieu v. Sam Istre Constr., Inc.*[142] In that case, the court held the 2018 amendment to LUTPA suggests "the legislature always intended the time period to be prescriptive" and that the amendment "merely clarifies and interprets an existing law."[143] The court found that the amendment did not change the law, but rather clarified that LUTPA claims have always been subject to liberative prescription, not peremption.[144] This holding also is consistent with Judge deGravelles' holding in *Trinity Med. Servs., L.L.C. v. Merge Healthcare Sols., Inc.*[145]

## B.    *Contra non valentem*

Jeanes argues that her LUTPA claim has not expired because of the doctrine of *contra non valentem*.[146] For claims subject to prescription, "*contra non valentem* applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise [her] cause of action when it accrues."[147]

In this case, Jeanes brings her LUTPA claim on the basis that McBride fraudulently refused to schedule mandatory inspections, which is also a factual basis for her fraud

---

[142] 2017-1186 (La. App. 3 Cir. 8/8/18), 253 So. 3d 196, 201.

[143] *Id.* at 201.

[144] *Id.* at 201–02 (citing *Ardoin v. Hartford Accident & Indemnity Co.*, 360 So.2d 1331, 1339 (La. 1978) ("[I]nterpretive legislation does not create new rules, but merely establishes the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties.")).

[145] No. CV 17-592-JWD-EWD, 2018 WL 3748399, at *9 (M.D. La. Aug. 7, 2018). *But see United States v. Cytogel Pharma, LLC*, No. CV 16-13987, 2018 WL 5297753, at *12 (E.D. La. Oct. 25, 2018).

In *Cytogel*, this Court relied on *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, 888 F. Supp. 2d 780, 792 (E.D. La. 2012), for the proposition that the Court is "bound by the Fifth Circuit's holding that La. R.S. 51:1409(E) is a peremptive period, but it does not begin to run until a continuing violation ceases." 2018 WL 5297753, at *12 n.170. The Court did not analyze whether the statute was substantive, procedural, or interpretive, but instead found that, whether prescription or peremption applied, there would be a "genuine issue of material fact as to when the prescription or peremption period began." *Id.*

[146] R. Doc. 141 at 34–35.

[147] *Borel v. Young*, 2007-0419 (La. 11/27/07), 989 So. 2d 42, 49, *on reh'g* (July 1, 2008).

claim.[148] As with Jeanes' fraud claim, McBride alleges there are no genuine issues of material fact with respect to Jeanes' LUTPA claim. As the Court found in connection with McBride's motion for summary judgment on Jeanes' fraud claim against him, there are genuine issues of material fact as to whether McBride concealed the defects that are the subject of Jeanes' LUTPA claim.

The Court finds there is a genuine issue of material fact as to whether Jeanes has good cause for not exercising her LUTPA cause of action within one year. As a result, the Court denies McBride's motion for summary judgment on Jeanes' LUTPA claims on prescription grounds. If the jury finds that the LUTPA claim is not perempted under § 9:2772, the jury will also determine whether the claim has not prescribed under the doctrine of *contra non valentem*.

## C. Motion for Summary Judgment on Merits of LUTPA Claim

LUTPA makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[149] "A trade practice is unfair under the statute only when it offends established public policy and is immoral, unethical, oppressive or unscrupulous. What constitutes an unfair trade practice is determined by the courts on a case-by-case basis."[150] "The 'defendant's motivation' is a critical factor— his 'actions must have been taken with the specific purpose of harming the competition.'"[151]

The Court finds the disputed issues of material fact that preclude summary judgment on Jeanes' fraud claim against McBride also bar summary judgment on the

---

[148] R. Doc. 1 at 11, ¶ 41.
[149] LA. REV. STAT. § 51:1405(A).
[150] *Tubos*, 292 F.3d at 480 (citations omitted).
[151] *IberiaBank*, 907 F.3d at 839–40 (quoting *id.*).

LUTPA claim. As a result, the Court denies McBride's motion for summary judgment on the LUTPA claim.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion for partial summary judgment, filed by Plaintiff Janet Jeanes, be and hereby is **GRANTED**.[152] Defendant Greg McBride is not entitled to the contractor immunity defense in LA. REV. STAT. § 9:2771.

**IT IS FURTHER ORDERED** that the motion for summary judgment, filed by Defendant Greg McBride, be and hereby is **DENIED**.[153]

**IT IS FURTHER ORDERED** that Jeanes' motion in limine to prevent McBride from introducing evidence or testimony at trial that he is not liable for defects based on the contractor immunity defense in § 9:2771 be and hereby is **GRANTED**.[154]

**New Orleans, Louisiana, this 4th day of June, 2019.**

_Susie Morgan_
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[152] R. Doc. 112.
[153] R. Doc. 114.
[154] R. Doc. 147. The jury will first determine whether McBride is liable for fraud. If the jury finds McBride liable for fraud, the five-year peremptive period in § 9:2772(A) will not apply, and the jury will make findings with respect to the remaining issues. If the jury does not find McBride liable for fraud, the five-year peremptive period in § 9:2772(A) will apply. The jury will determine when Jeanes occupied or took possession of the Building. If the jury finds Jeanes occupied or took possession of the Building *more than* five years before this suit was filed, all of Jeanes' claims will be perempted. If the jury finds Jeanes occupied or took possession of the Building *less than* five years before this suit was filed, the claims will not be perempted, and the jury will make findings with respect to the remaining issues.