# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JANET JEANES,**<br>Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1259** |
| **GREG MCBRIDE, ET AL.,**<br>Defendants | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a motion in limine to limit testimony, filed by Defendant Greg McBride.[1] Plaintiff Janet Jeanes opposes the motion.[2] For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motion, as set forth below.

## BACKGROUND

This case arises from the construction of a building ("the Building") on Jeanes' property at 2534 Hampton Dupre Road in Pine Prairie, Louisiana.[3] In the summer of 2010, Jeanes began discussing the construction of the Building with McBride.[4] McBride submitted a proposal to Jeanes, which she signed on September 23, 2010 ("the Proposal").[5] The materials and plans for the roof of the Building were provided by S & S Steel Buildings, Inc., doing business as Metal Roofing Supply ("S & S").[6] Roy Bergis Smith, through his company, E. Smith Plumbing Service, Inc. ("E. Smith Plumbing"), provided plumbing services for the Building.[7]

---

[1] R. Doc. 146.
[2] R. Doc. 161.
[3] R. Doc. 174 at 8, ¶ 7(1) (uncontested material facts in pretrial order).
[4] *Id.* at 9, ¶ 7(2).
[5] *Id.* at ¶¶ 7(2), (3). The proposal is on the record at R. Doc. 112-3.
[6] *Id.* at ¶¶ 7(6), (7).
[7] *Id.* at ¶ 7(8).

On September 9, 2016, Jeanes filed the instant suit.[8] She alleges McBride did not obtain the permit required for constructing the Building and that there were numerous defects in the Building.[9] In her Complaint and Amended Complaint, Jeanes names five Defendants: McBride; Metal Buildings by Mac, LLC ("Metal Buildings"); S & S; Roy Bergis Smith; and E. Smith Plumbing. She brings five claims: (1) breach of contract against all Defendants, (2) negligence against S & S, (3) fraud against all Defendants, (4) violation of the Louisiana Unfair Trade Practices Act ("LUTPA")[10] against all Defendants, and (5) successor liability against Metal Buildings.[11] The claims against all Defendants but McBride have been dismissed.[12] The claims against McBride are for breach of contract, fraud, and violation of LUTPA.[13]

On April 5, 2019, McBride filed the instant motion to limit testimony.[14] He seeks to exclude (1) testimony McBride was responsible for design defects in the Building, (2) estimates of construction repair costs performed by James Decker, and (3) evidence of alleged concrete and plumbing defects in the Building.[15] Jeanes opposes.[16]

---

[8] R. Doc. 1.
[9] *Id.* at 5, ¶ 13; 6–7, ¶¶ 17–20.
[10] LA. REV. STAT. § 51:1401 *et seq.*
[11] R. Docs. 1, 35.
[12] R. Docs. 55 (dismissing claims against S&S without prejudice), 67 (dismissing claims against Metal Buildings without prejudice), 78 (dismissing claims against S&S with prejudice), 84 (dismissing claims against Metal Buildings with prejudice), 160 (notice of settlement of claims against Roy Bergis Smith and E. Smith Plumbing Service, Inc.).
[13] R. Doc. 1.
[14] R. Doc. 146.
[15] R. Doc. 146-1.
[16] R. Doc. 161.

# LAW AND ANALYSIS

### I. Jeanes will be permitted to introduce evidence regarding design defects.

McBride argues Jeanes should not be permitted to introduce evidence regarding design defects because she did not allege in her Complaint that McBride was responsible for design defects in the Building.[17] As a result, he argues evidence of design defects would be unfairly prejudicial to him under Rule 403 of the Federal Rules of Evidence. Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[18]

On April 5, 2019, Jeanes and McBride filed motions for summary judgment on whether McBride is entitled to immunity on claims related to design defects in the Building under LA. REV. STAT. § 9:2771.[19] On June 4, 2019, the Court granted Jeanes motion for partial summary judgment and denied McBride's motion for summary judgment, finding McBride is not entitled to immunity under LA. REV. STAT. § 9:2771.[20] In the Court's ruling on the parties' motions for summary judgment, the Court found the Complaint alleged McBride was responsible for design defects, and McBride made or caused to be made the plans and specifications for the Building.[21] As a result, the Court found McBride is not entitled to immunity under LA. REV. STAT. § 9:2771.[22]

---

[17] R. Doc. 146-1 at 2–4.
[18] FED. R. EVID. 403.
[19] R. Docs. 112, 114.
[20] R. Doc. 190.
[21] R. Doc. 190 at 21–23.
[22] *Id.*

3

Because McBride may be liable for damages resulting from design defects in the Building's plans and specifications, evidence related to design defects has substantial probative value. Because the Complaint alleged McBride was responsible for design defects, introduction of such evidence would not be unfairly prejudicial to McBride. Jeanes will be permitted to introduce evidence with respect to design defects. The Court denies McBride's motion in limine to exclude evidence of design defects.

## II. James Decker's estimates of construction repair costs will be excluded.

McBride argues estimates of construction costs prepared by James Decker should be excluded.[23]

On April 5, 2019, McBride filed a motion to exclude and/or limit the testimony of Jeanes' proposed expert Philip Beard.[24] McBride argued, in part, that Beard's testimony regarding damages estimates should be excluded because Beard did not prepare the estimate, but rather relied on the estimate provided by James Decker, a third party contractor.[25] On June 6, 2019, the Court granted that portion of the motion and ordered that Beard's testimony on Decker's estimates of construction repair costs be excluded.[26]

For the reasons set forth in the Court's order on McBride's motion in limine to exclude and/or limit Beard's testimony, the Court grants McBride's motion to exclude estimates of construction costs prepared by James Decker.

---

[23] R. Docs. 146-1 at 4–7.
[24] R. Doc. 111-1.
[25] R. Doc. 111-1 at 11–12.
[26] R. Doc. 194.

### III. Evidence and testimony regarding defects in concrete and plumbing will be permitted.

McBride argues evidence and testimony of defects in concrete and plumbing should be excluded.[27] He argues such evidence or testimony is does not satisfy the requirements of Rules 401, 403, 602, 701, 702, and 703 of the Federal Rules of Evidence.[28]

In McBride's motion to exclude and/or limit Beard's testimony, McBride argued, in part, that Beard's testimony regarding defects in plumbing and concrete were unreliable and based on speculation.[29] In its order on the motion, the Court found Beard's testimony with respect to construction and design defects was reliable and based on Beard's personal investigation of the Building.[30] The Court found Beard had the requisite expertise to opine about the defects.[31]

Evidence of defects is relevant to the issues in this case under Rule 401. The evidence is admissible under Rule 403 because it has significant probative value, and its introduction would not prejudice McBride. The evidence is not speculative under Rule 602. The Court found in its order on McBride's motion to exclude and/or limit Beard's testimony that the evidence did not violate the requirements for expert testimony in Rules 701, 702, and 703. The Court denies McBride's motion to exclude evidence and testimony of defects in concrete and plumbing.

---

[27] R. Docs. 146-1 at 7–8.
[28] *Id.* at 7.
[29] R. Doc. 111-1.
[30] R. Doc. 194.
[31] *Id.*

5

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion in limine to exclude and/or limit testimony, filed by Defendant Greg McBride be and hereby is **GRANTED IN PART** as to Decker's estimates of damages and **DENIED IN PART** as to evidence of design defects and evidence of defects in the concrete and plumbing at the Building.

**New Orleans, Louisiana, this 7th day of June, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**