UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| JANET JEANES,<br>Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-1259 |
| GREG MCBRIDE, ET AL.,<br>Defendants | SECTION: "E" (4) |

### ORDER AND REASONS

Before the Court are Objections to the Trial Deposition Testimony of Joey West, filed by Plaintiff Janet Jeanes.[1] Defendant Greg McBride has filed responses to Jeanes' objections.[2] For the reasons that follow, the Court **SUSTAINS** Objections 1–3 and 5–6 and **OVERRULES** Objection 4. The Court sets forth below the portions of West's deposition testimony McBride will be permitted to introduce at trial.

### BACKGROUND

This case arises from the construction of a building ("the Building") on Jeanes' property at 2534 Hampton Dupre Road in Pine Prairie, Louisiana.[3] In the summer of 2010, Jeanes began discussing the construction of the Building with McBride.[4] McBride submitted a proposal to Jeanes, which she signed on September 23, 2010 ("the Proposal").[5] The materials and plans for the roof of the Building were provided by S & S Steel Buildings, Inc., doing business as Metal Roofing Supply ("S & S").[6] Roy Bergis

---

[1] R. Doc. 172.
[2] R. Doc. 176.
[3] R. Doc. 174 at 8, ¶ 7(1) (uncontested material facts in pretrial order).
[4] *Id.* at 9, ¶ 7(2).
[5] *Id.* at ¶¶ 7(2), (3). The proposal is on the record at R. Doc. 112-3.
[6] *Id.* at ¶¶ 7(6), (7).

1

Smith, through his company, E. Smith Plumbing Service, Inc. ("E. Smith Plumbing"), provided plumbing services for the Building.[7]

On September 9, 2016, Jeanes filed the instant suit.[8] She alleges McBride did not obtain the permit required for constructing the Building and that there were numerous defects in the Building.[9] In her Complaint and Amended Complaint, Jeanes names five Defendants: McBride; Metal Buildings by Mac, LLC ("Metal Buildings"); S & S; Roy Bergis Smith; and E. Smith Plumbing. She brings five claims: (1) breach of contract against all Defendants, (2) negligence against S & S, (3) fraud against all Defendants, (4) violation of the Louisiana Unfair Trade Practices Act ("LUTPA")[10] against all Defendants, and (5) successor liability against Metal Buildings.[11] The claims against all Defendants but McBride have been dismissed.[12] The claims against McBride are for breach of contract, fraud, and violation of LUTPA.[13]

On March 14, 2019, McBride filed a witness list naming as a fact witness Joseph "Joey" West, listing the following topics under "[a]nticipated testimony: facts regarding building, construction, permits, inspections, defenses, property and Ms. Jeanes."[14] McBride did not designate West as an expert witness or provide a report authored by him.

---

[7] *Id.* at ¶ 7(8).
[8] R. Doc. 1.
[9] *Id.* at 5, ¶ 13; 6–7, ¶¶ 17–20.
[10] LA. REV. STAT. § 51:1401 *et seq.*
[11] R. Docs. 1, 35.
[12] R. Docs. 55 (dismissing claims against S&S without prejudice), 67 (dismissing claims against Metal Buildings without prejudice), 78 (dismissing claims against S&S with prejudice), 84 (dismissing claims against Metal Buildings with prejudice), 160 (notice of settlement of claims against Roy Bergis Smith and E. Smith Plumbing Service, Inc.).
[13] R. Doc. 1.
[14] R. Doc. 93 at 2, ¶ 6; *see also* R. Doc. 103 at 2, ¶ 6 (same list in amended witness list).

McBride's final witness list specifies West's testimony will be introduced by trial deposition.[15] The trial deposition was taken on April 16, 2019.[16]

On May 20, 2019, Jeanes filed the instant objections to West's trial deposition testimony.[17] She argues West's testimony should be excluded to the extent West's testimony includes (1) issues that are properly the subject of expert testimony, (2) irrelevant issues, (3) facts not based on personal knowledge, (4) hearsay, (5) inadmissible character evidence, and (6) unduly prejudicial, confusing, or misleading evidence.[18] McBride has responded to Jeanes' objections.[19]

## **LAW AND ANALYSIS**

### I. **Objections 1 and 3: West's testimony about general construction practices and his evaluations of the Building's construction are inadmissible because West is a lay witness.**

In her first and third objections, Jeanes objects to portions of West's testimony that she argues are properly the subject of expert testimony and/or not derived from West's personal experience.[20] West was not disclosed as an expert witness. Under Rule 701(c) of the Federal Rules of Evidence, a lay witness may not testify "based on scientific, technical, or other specialized knowledge within the scope of Rule 702," which lays out the requirements for expert witnesses.[21] The Fifth Circuit has explained the distinction between lay and expert testimony as follows:

> [A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life. A lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must

---

[15] R. Doc. 186 at 1, ¶ 3.
[16] R. Doc. 172-1.
[17] R. Doc. 172.
[18] *Id.*
[19] R. Doc. 176.
[20] R. Doc. 172 at 7–14.
[21] Fed. R. Evid. 701(c).

3

be helpful to the jury. Any part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701.[22]

In his deposition, West testified about construction methods, typical practices in the construction of metal structures, permitting requirements, and other specialized knowledge.[23] West also evaluates the quality of the Building's construction.[24] The Court finds this testimony requires specialized knowledge and is not admissible as lay testimony. As a result, the Court sustains Jeanes' first and third objections to West's testimony. West's testimony about his own personal observations on his visits to the Building will be admitted to the extent it does not involve opinions based on specialized knowledge within the scope of Rule 702.[25]

## II. Objections 2 and 5: West's testimony about his own prior work history and about his prior dealings with McBride is irrelevant.

In her second and fifth objections, Jeanes argues portions of West's testimony dealing with West's prior work history and West's knowledge of McBride's work are irrelevant and inadmissible character evidence.

### A. West's prior work history is not relevant.

Under Rule 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."[26] Jeanes designates specific portions of West's testimony to which she objects on this basis.[27]

---

[22] *United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012) (citations and internal quotation marks and brackets omitted).
[23] *See generally* R. Doc. 172-1.
[24] *Id.*
[25] The Court excludes West's testimony about his experience in the construction industry as irrelevant when offered by a lay witness.
[26] FED. R. EVID. 401.
[27] R. Doc. 172 at 14–15.

In his deposition, West testifies regarding his own experience with construction and with metal buildings. McBride's argues West's testimony on these subjects is relevant because it "discusses licensing of contractors[,] bears directly on Jeanes['] complaint."[28] Such evidence may be relevant to establishing the foundation for an expert's opinions. However, as the Court has noted, McBride offers West as a lay witness to testify about the facts of this case. Testimony about West's prior experience with construction and with metal buildings is not relevant to this case.

### B. West's knowledge of McBride's work is not sufficient to establish the existence of a habit or routine practice under Rule 406.

West testifies about his knowledge of McBride's work, including testimony regarding McBride's practices when constructing footings and drill shafts. McBride argues this testimony is relevant because "Jeanes has attempted to cast McBride in a false light and West's testimony demonstrates his personal dealings with McBride." McBride appears to argue West's testimony is admissible because it shows McBride's habitual behavior. Under Rule 406, "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit or routine practice."[29]

The Court first addresses whether West's testimony is sufficient to establish McBride's personal habit under Rule 406. A habit is a "person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn, or of alighting from railway cars while they are moving. The doing of the habitual

---

[28] R. Doc. 176 at 7.
[29] FED. R. EVID. 406.

acts may become semi-automatic."[30] "To offer evidence of a habit, a party must at least demonstrate a regular practice of meeting a particular kind of situation with a specific type of conduct."[31] The Court finds McBride's method of constructing footings and drill shafts is not a regular practice of meeting a particular kind of situation with a specific type of conduct sufficient to establish a personal habit under Rule 406.

During the events at issue in this case, McBride conducted business as "Metal Buildings by Mac."[32] The Court turns to whether West's testimony is sufficient to establish the routine practice of McBride, operating as the sole proprietor of an organization. To establish an inference of an organization's routine practice, the proponent of the evidence "must show a sufficient number of specific instances of conduct to support that inference," meaning it must "show regularity over substantially all occasions or with substantially all other parties with whom the defendant has had similar business transactions."[33] "Evidence of the defendant's actions on only a few occasions or only in relation to the plaintiff are not enough."[34]

West's testimony regarding McBride's practices when constructing footings and drill shafts and about the quality of McBride's workmanship generally is based solely on *West*'s interactions with McBride, not on McBride's interactions on substantially all occasions or with substantially all other parties for whom McBride constructed metal buildings. West's testimony that McBride habitually performed high-quality work is not sufficiently specific and does not cover all parties with whom McBride has had similar

---

[30] FED. R. EVID. 406 advisory committee's note to 1972 proposed rules.
[31] *United States v. Anderson*, 755 F.3d 782, 794 (5th Cir. 2014) (quoting *United States v. Heard,* 709 F.3d 413, 434 (5th Cir.2013)).
[32] R. Doc. 176 at 9, ¶ 7(3).
[33] *Mobil Expl. & Producing U.S., Inc. v. Cajun Const. Servs., Inc.*, 45 F.3d 96, 99–100 (5th Cir. 1995) (citations omitted).
[34] *Id.*

transaction. As a result, it does not meet the requirements of Rule 406. West's testimony will not be admitted to show McBride's routine practice.

### C. West's testimony about his prior dealings with McBride are not admissible as character evidence.

McBride argues portions of West's testimony about his prior dealings with McBride are relevant because "Jeanes has brought honesty and character as an issue in this case by making fraud claims against McBride."[35] McBride appears to argue West's testimony is admissible as character evidence.

The Court addresses whether Jeanes' fraud claim is a claim in which McBride's character for honesty is in issue because character is an element of the claim. The note accompanying Rule 404 explains the use of character evidence:

> Character questions arise in two fundamentally different ways.
> (1) Character may itself be an element of a crime, claim, or defense. A situation of this kind is commonly referred to as "character in issue." Illustrations are: the chastity of the victim under a statute specifying her chastity as an element of the crime of seduction, or the competency of the driver in an action for negligently entrusting a motor vehicle to an incompetent driver. No problem of the general relevancy of character evidence is involved, and [Rule 404] therefore has no provision on the subject. The only question relates to allowable methods of proof . . . .
> (2) Character evidence is susceptible of being used for the purpose of suggesting an inference that the person acted on the occasion in question consistently with his character. This use of character is often described as "circumstantial." Illustrations are: evidence of a violent disposition to prove that the person was the aggressor in an affray, or evidence of honesty in disproof of a charge of theft.[36]

---

[35] R. Doc. 176 at 8.
[36] FED. R. EVID. 404 advisory committee's note to 1972 proposed rules.

Character is in issue "when character or a character trait is an operative fact which under the substantive law determines the legal rights of the parties."[37] In addition to the examples in the note to Rule 404, the Fifth Circuit has provided as example of a case in which character is in issue "a defamation action in which the defense of truth is raised with respect to a slander of the plaintiff's character."[38]

In this case, McBride argues Jeanes' contractual fraud claim puts McBride's character in issue.[39] The elements of a contractual fraud claim are: "(1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract."[40] The contractual fraud claim may be proved without showing McBride has a dishonest character.[41] The claim requires only proof that McBride had the intent to obtain an unjust advantage or to cause damage or inconvenience to Jeanes. Character is not an element of a claim of contractual fraud.[42] As a result, character is not in issue, and Rule 404 applies.

Rule 404 provides, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the

---

[37] *United States v. McGee*, 29 F.3d 625 n.9 (5th Cir. 1994).
[38] *Id.*
[39] R. Doc. 176 at 8.
[40] *Shelton v. Standard/700 Assocs.*, 2001-0587 (La. 10/16/01), 798 So. 2d 60, 64; *see also Petrohawk Properties, L.P. v. Chesapeake Louisiana, L.P.*, 689 F.3d 380, 388 (5th Cir. 2012). The Court explained the elements of Jeanes' fraud claim in a prior order. R. Doc. 190 at 7–9.
[41] *Cf. United States v. Gulley*, 526 F.3d 809, 819 (5th Cir. 2008) ("[The victim]'s character was not an essential element of the self defense claim in the 'strict sense' because a self defense claim may be proven regardless of whether the victim has a violent or passive character.").
[42] *Cf. United States v. Marrero*, 904 F.2d 251, 260 (5th Cir. 1990) (finding character is "simply not an essential element" of charges of criminal insurance fraud).

character or trait."[43] In civil cases, there is no exception to the rule.[44] Under Rule 404, McBride may not use West's testimony as evidence of honest character to show McBride acted in accordance with that character.[45]

The Court sustains Jeanes' second and fifth objections to West's testimony.

### III. Objection 4: West's testimony about his conversations with Jeanes are not hearsay.

Jeanes argues West's testimony about conversations he had with her are inadmissible as hearsay.[46] Under Rule 801(d)(2)(A), a statement "offered against an opposing party and . . . made by the party" is not hearsay.[47] West's statements about conversations he had with Jeanes are offered against her. As a result, the statements are not hearsay. The Court overrules Jeanes' fifth objection.

### IV. Objection 6: West's testimony about Jeanes' character is inadmissible.

Jeanes argues statements in West's deposition about his opinion of Jeanes, his interactions with her, and information about another lawsuit she filed should be excluded under Rule 403. Rule 403 provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[48]

---

[43] FED. R. EVID. 404(a)(1).
[44] FED. R. EVID. 404(a)(2) codifies exceptions for criminal cases.
[45] Even if the evidence were admissible under Rule 404, FED. R. EVID. 405(b) provides, "Specific instances of conduct are not permitted unless the pertinent character trait is an essential element of a charge, claim, or defense." Because honesty is not an essential element of a contractual fraud claim,
[46] R. Doc. 172 at 21–22.
[47] FED. R. EVID. 802(d)(2)(A).
[48] FED. R. EVID. 403.

9

McBride argues West's statements about Jeanes are relevant because "Jeanes has made character for truthfulness an issue."[49] The Court has rejected above McBride's contention that McBride's character is in issue in this case.

McBride also argues West's statements about Jeanes are admissible under Rule 608.[50] Rule 608 provides:

> **(a)** A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.
> **(b)** Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
> **(1)** the witness; or
> **(2)** another witness whose character the witness being cross-examined has testified about. [51]

In his deposition, West testifies about Jeanes' pending lawsuit against other parties, the "confusion" Jeanes caused and his opinion Jeanes was "not a person that you could please."[52] He does not testify about Jeanes' reputation, his opinion of Jeanes' character for truthfulness or untruthfulness, or any instances of Jeanes lying or telling the truth. As a result, Rule 608 does not apply.

The Court finds West's testimony about his conversation with Jeanes, his opinion of her, and another lawsuit she filed is not relevant to any issue in this case. Even if the

---

[49] R. Doc. 176 at 10.
[50] *Id.*
[51] FED. R. EVID. 608.
[52] R. Doc. 172-1 at 33–35.

10

evidence were admissible, its minimal probative value would be substantially outweighed by a danger of prejudice to Jeanes. As a result, the Court sustains Jeanes' sixth objection.

V. **Direct Examination by Roy Bergis Smith and E. Smith Plumbing and Cross-Examination**

At the time of the trial deposition, Roy Bergis Smith and E. Smith Plumbing were Defendants in this case. They were subsequently dismissed.[53] The portions of West's deposition testimony by their attorney[54] will not be read to the jury.

No objection to Jeanes' cross-examination of West has been filed. As a result, that portion of the transcript will be read to the jury, to the extent relevant.

VI. **Admissible Testimony**

Based on the foregoing reasons, the Court lays out below the portions of West's deposition the Court will allow McBride to introduce at trial. The Court uses the page numbers in the document as filed at R. Doc. 172-1, which are different from the page numbers in the document itself.

1. p. 6, line 7–p. 7, line 22
2. p. 13, line 22–p. 14, line 6
3. p. 18, line 16–p. 19, line 1
4. p. 19, lines 17–20
5. p. 22, lines 4–20[55]

---

[53] R. Doc. 160.
[54] R. Doc. 172-1 at 51:9–58:9.
[55] Although Jeanes did not object to p. 21 lines 18–25, the Court excludes this testimony about whether Jeanes was using the Building as a barn. The Court has found in a prior order that the date on which Jeanes occupied or took possession of the barn is relevant to the issue of peremption. R. Doc. 190. The Court specifically found the jury would determine whether Jeanes occupied took possession of the barn after February 2011. In West's deposition, he testifies he went to the barn once before construction, once during construction, and once in February 2019. R. Doc. 172-1 at 21. He does not specify the date of the visit during which he saw the Building being used as a barn. Reading his deposition testimony to the jury has limited probative value and risks confusing the jury.

6. p. 23, lines 4–7, 16–25

7. p. 24, line 24–p. 29, line 5

8. p. 29, line 17–p. 30, line 13

9. p. 34, lines 8–10

10. p. 36, lines 1–9

11. p. 40, line 17–p. 42, line 11

12. p. 45, lines 7–10

13. p. 58, line 14–p. 60, line 5

In addition, the Court excludes portions of the excerpts containing objections, conversations, or colloquy between counsel.

## CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Objections 1–3 and 5–6 and **OVERRULES** Objection 4 of Plaintiff's Objections to the Trial Deposition Testimony of Joey West.[56] Defendant Greg McBride permitted to introduce at trial the portions of West's trial deposition set forth above.

**New Orleans, Louisiana, this 14th day of June, 2019.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[56] R. Doc. 172.